**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | ) | CASE NO. 12-md-02311 |
| | ) | Honorable Marianne O. Battani |
| | ) | |
| In Re: AIR CONDITIONING SYSTEMS | ) | Case No. 2:13-cv-02701 |
| In Re: ALTERNATORS | ) | Case No. 2:17-cv-12540 |
| In Re: ANTI-VIBRATION RUBBER PARTS | ) | Case No. 2:13-cv-00701 |
| In Re: AUTOMOTIVE HOSES | ) | Case No. 2:15-cv-11828 |
| In Re: BEARINGS | ) | Case No. 2:15-cv-13634 |
| In Re: BRAKE HOSES | ) | Case No. 2:13-cv-00801 |
| In Re: CERAMIC SUBSTRATES | ) | Case No. 2:16-cv-14057 |
| In Re: EXHAUST SYSTEMS | ) | Case No. 2:15-cv-03201 |
| In Re: FUEL INJECTION SYSTEMS | ) | Case No. 2:16-cv-10001 |
| In Re: FUEL SENDERS | ) | Case No. 2:12-cv-00501 |
| In Re: HEATER CONTROL PANELS | ) | Case No. 2:15-cv-12068 |
| In Re: IGNITION COILS | ) | Case No. 2:15-cv-13932 |
| In Re: OCCUPANT SAFETY SYSTEMS | ) | Case No. 2:16-cv-03601 |
| In Re: POWER WINDOW MOTORS | ) | Case No. 2:16-cv-14245 |
| In Re: RADIATORS | ) | Case No. 2:16-cv-03801 |
| In Re: SHOCK ABSORBERS | ) | Case No. 2:17-cv-13785 |
| In Re: SMALL BEARINGS | ) | Case No. 2:16-cv-03701 |
| In Re: STARTERS | ) | Case No. 2:16-cv-13968 |
| In Re: SWITCHES | ) | Case No. 2:13-cv-02201 |
| In Re: VALVE TIMING CONTROL DEVICES | ) | Case No. 2:15-cv-13423 |
| In Re: WINDSHIELD WASHER SYSTEMS | ) | Case No. 2:12-cv-00301 |
| In Re: WINDSHIELD WIPER SYSTEMS | ) | Case No. 2:12-cv-00401 |
| In Re: WIRE HARNESS SYSTEMS | ) | Case No. 2:13-cv-01401 |
| | ) | Case No. 2:15-cv-11830 |
| | ) | Case No. 2:12-cv-00601 |
| | ) | Case No. 2:16-cv-10002 |
| | ) | Case No. 2:13-cv-02301 |
| | ) | Case No. 2:15-cv-11829 |
| | ) | Case No. 2:13-cv-01001 |
| | ) | Case No. 2:17-cv-13147 |
| | ) | Case No. 2:15-cv-03301 |
| | ) | Case No. 2:16-cv-13616 |
| | ) | Case No. 2:17-cv-04201 |
| | ) | Case No. 2:15-cv-13945 |
| | ) | Case No. 2:17-cv-10853 |
| | ) | Case No. 2:13-cv-01101 |
| | ) | Case No. 2:13-cv-01301 |

|   |                        |
|---|------------------------|
| ) | Case No. 2:17-cv-12338 |
| ) | Case No. 2:13-cv-02501 |
| ) | Case No. 2:17-cv-13158 |
| ) | Case No. 2:13-cv-02801 |
| ) | Case No. 2:13-cv-00901 |
| ) | Case No. 2:12-cv-00101 |
| ) | Case No. 2:14-cv-13773 |

**THIS DOCUMENT RELATES TO:**
**ALL DIRECT PURCHASER ACTIONS**

### ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION TO DIRECT DEFENDANTS TO IDENTIFY SETTLEMENT CLASS MEMBERS FOR MAILING NOTICE OF FUTURE SETTLEMENTS

This matter is currently before the undersigned, Special Master in the above-referenced matters. Direct Purchaser Plaintiffs filed a Motion to Direct Defendants to Identify Settlement Class Members for Mailing Notice of Future Settlements. After due consideration of the briefs and argument at the hearing on July 16, 2018, it is hereby

ORDERED that the motion is GRANTED as more fully provided below, in the above captioned Direct Purchaser Actions. It is Ordered that:

(A) Except for any Defendants with pending motions to dismiss for lack of personal jurisdiction, Defendants in the pertinent part shall use reasonable efforts to furnish the following information to Plaintiffs' Interim Co-Lead Counsel, within the earlier of: (1) 60 days of the date of filing of a motion for preliminary approval of a settlement in a case relating to the pertinent part; or (2) 60 days of receiving emailed notice that Direct Purchaser Plaintiffs have executed a settlement agreement with a Defendant (which need not be identified) in the pertinent part, including a reminder to produce the information and the product definition and settlement class period from the settlement agreement: The names and addresses of all persons or entities who

2

directly purchased in the United States from Defendants or their affiliates the relevant automotive part or parts during the settlement class period;

(B)     To the extent possible, the purchaser information should be provided in an electronic format;

(C)     Plaintiffs' Interim Co-Lead Counsel shall treat the information produced by Defendants as "Highly Confidential -- Outside Attorneys Only" pursuant to the protective order, if any, governing the exchange of confidential information entered by the Court in the pertinent part, or in the absence of such an order, as provided in the Stipulation and Protective Order Governing the Exchange of Confidential Information in the Wire Harness Direct Purchaser Action (ECF No. 200 in Case No. 2:12-cv-00101-MOB) ("Protective Order"), shall not use the information for any purpose other than to provide notice concerning the settlement as approved by the Court, and shall not disclose the information to anyone outside of Direct Purchaser Plaintiffs' Interim Co-Lead Counsel's and Interim Liaison Counsel's law firms, except to the Court in camera or under seal or to vendors selected to assist in the preparation and dissemination of the Court-approved notice, subject to any such vendor agreeing to be bound by the Protective Order by executing Exhibit A to the Protective Order;

(D)     Defendants who have not provided their customer information within the required time shall notify of the Court of the reason for the delay; and

(E)     Defendants' production of this information shall be without prejudice and shall not be construed as an admission of any fact or legal conclusion including, by way of example and not limitation, that any Defendant is subject to the personal jurisdiction of the Court or that any claim is not subject to arbitration.

(F)    The parties may appeal this Order to the Hon. Marianne O. Battani by filing an

Objection within 21 days of this Order's entry in accordance with the provisions of the Court's

Order Appointing a Master dated August 29, 2014 (ECF No. 792).

DATED: August 20, 2018

/s/ Gene J. Esshaki
Gene J. Esshaki (P 24325)
Special Master
300 River Place, Suite 3000
Detroit, Michigan 48207-4225
(313) 566-2500; (313) 566-2502

13031208.5

**CERTIFICATE OF SERVICE**


       The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 20, 2018.


<u>s/ Kay Doaks</u>
Case Manager

13031208.5